IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) |  |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06- 48- UNA |
| ERIC BLACKSON, ) | |
| Defendant. ) | |

**INDICTMENT**

FILED
MAY 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The Grand Jury for the District of Delaware charges that:

**Count I**

From on or about September 7, 2005, and continuing up to on or about March 22, 2006, in the State and District of Delaware, and elsewhere, including Pennsylvania, Eric Blackson, defendant herein, did knowingly conspire and agree with other unindicted coconspirators known and unknown to the grand jury to commit the following offense against the United States: to knowingly distribute, and possess with intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846.

**Count II**

On or about March 8, 2006, in the Eastern District of Pennsylvania, Eric Blackson, defendant herein, did knowingly distribute a substance containing more than five kilograms of cocaine, a controlled substance, to S.W., in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

## Count V

On or about February 10, 2006, in the Eastern District of Pennsylvania, the defendant, Eric Blackson, knowing the property involved in a financial transaction within the meaning of 18 U.S.C. § 1956(c)(3) and (4), to wit, the deposit of $1,000 cash to Blackson's and his wife's joint account at Sovereign Bank, a financial institution which is engaged in, and the activities of which affect, interstate commerce, represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, and the control of the proceeds of specified unlawful activity (the distribution of cocaine), in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

By: /s/ Richard G. Andrews
Richard G. Andrews
Douglas E. McCann
Assistant United States Attorneys

Dated: May 2, 2006



3

### Count III

On or about December 30, 2005, in the Eastern District of Pennsylvania, the defendant, Eric Blackson, knowing the property involved in a financial transaction within the meaning of 18 U.S.C. § 1956(c)(3) and (4), to wit, the deposit of $1,300 cash to Blackson's and his wife's joint account at Sovereign Bank, a financial institution which is engaged in, and the activities of which affect, interstate commerce, represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, and the control of the proceeds of specified unlawful activity (the distribution of cocaine), in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Count IV

On or about January 13, 2006, in the Eastern District of Pennsylvania, the defendant, Eric Blackson, knowing the property involved in a financial transaction within the meaning of 18 U.S.C. § 1956(c)(3) and (4), to wit, the deposit of $1,700 cash to Blackson's and his wife's joint account at Sovereign Bank, a financial institution which is engaged in, and the activities of which affect, interstate commerce, represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, and the control of the proceeds of specified unlawful activity (the distribution of cocaine), in violation of 18 U.S.C. § 1956(a)(1)(B)(i).